# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Danny Huff, | Case No. 22-cv-1922 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Canterbury Park Holding Corporation, | |
| Defendant. | |

On August 1, 2022, pro se Plaintiff Danny Huff brought claims for unpaid wages and wrongful termination under the Fair Labor Standards Act ("FLSA") and state law claims against Defendant Canterbury Park Holding Corporation. (Dkt. 1.) Huff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court granted. (Dkts. 2, 4.) Huff filed an Amended Complaint on August 15, 2022 (Dkt. 7); on September 6, 2022, Huff filed a Waiver of the Service of Summons giving Defendant until October 17, 2022 to file an answer or otherwise respond (Dkt. 10); on September 9, 2022, Huff filed "Plaintiff's Motion for Leave to File Second Amended Complaint, United States Marshals Service of Process" ("Motion to Amend"), along with a copy of the proposed second amended complaint and a redlined version of that complaint, seeking to assert additional claims under the FLSA and state law against additional defendants (Dkt. 11); and on September 14, 2022, Huff filed a Motion for Appointment of Counsel ("Motion to Appoint Counsel") (Dkt. 12). Two attorneys

entered appearances on behalf of Defendant on September 19, 2022 (Dkts. 13-14), but Defendant has not yet filed its answer or otherwise responded.

In the Motion to Appoint Counsel, Huff seeks appointment of counsel due to his pending Motion to Amend and argues that adding defendants and additional claims to this suit would make the matters complex, thereby "surpass[ing] his ability to properly seek relief." (Dkt. 12 at 1-2.) Huff claims that he has spent hundreds of hours researching the issues and rules regarding this case while also trying to find suitable employment which "has been made difficult by the actions of Defendants." (*Id.* at 2.) Huff contends that he has attempted to retain counsel "numerous times on recent occasions" on a contingent basis as he is unable to pay out of pocket, to no avail, and argues that appointing counsel to represent him is in the public's interest. (*Id.* at 2-3.)

In civil cases such as this case, there is no constitutional or statutory right to appointed counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995). Rather, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Factors to consider in deciding whether to recruit counsel, include the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered the Motion, the Court finds that Huff has not demonstrated the case is sufficiently complex to warrant the appointment of counsel. While Huff seeks to amend his first amended complaint, the facts underlying his claims (unpaid wages and wrongful termination) are not complicated. Further, Huff's filings to date are clear and

coherent. Through his filings, Huff has demonstrated sufficient ability to articulate his claims and arguments to the Court. The Court therefore denies the Motion to Appoint Counsel. However, Huff is advised that there are resources for pro se litigants available on the District of Minnesota website, including links to the District of Minnesota Local Rules and the Federal Rules of Civil Procedure and Evidence. The link is https://www.mnd.uscourts.gov/representing-yourself. The Pro Se Civil Guidebook and Information Sheets are also available at https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets. Huff is also advised that although he is pro se, he is still required to comply with the Local Rules for the District of Minnesota,[1] the Federal Rules of Civil Procedure, and this Court's Orders. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

The Court turns to Huff's Motion to Amend filed on September 9. Now that attorneys have entered an appearance in this case on behalf of Defendant (Dkts. 13-14), Huff is directed to meet and confer with those attorneys to determine if Defendant opposes his Motion to Amend, and file a meet-and-confer statement indicating whether the parties agree on the resolution of all or part of the Motion to Amend, and, if so,

---

[1] A copy of the Local Rules can be found at https://www.mnd.uscourts.gov/court-info/local-rules-and-orders.

3

whether the agreed-upon resolution should be included in a court order, as required by District of Minnesota Local Rules 7.1(a)(1)(B)(ii) and 7.1(b)(1)(F). Huff must file this meet-and-confer statement on or before October 7, 2022.

Accordingly, and based on all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff Danny Huff's Motion for Appointment of Counsel (Dkt. 12) is **DENIED**.

2. Plaintiff Danny Huff must file a meet-and-confer statement indicating whether the parties agree on the resolution of all or part of the Motion to Amend, and, if so, whether the agreed-upon resolution should be included in a court order, on or before **October 7, 2022**.

Dated: September 26, 2022                     *s/Elizabeth Cowan Wright*
                                              ELIZABETH COWAN WRIGHT
                                              United States Magistrate Judge