# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Danny Huff,                                Case No. 22-cv-1922 (WMW/ECW)

        Plaintiff,

v.                                                          **ORDER**

Canterbury Park Holding Corporation,

        Defendant.

---

This matter is before the Court on Plaintiff Danny Huff's Motion and Memorandum to Compel Federal Rules of Civil Procedure 26(f) Conference ("Motion to Compel") (Dkt. 36) and Defendant Canterbury Park Holding Corporation's Motion to Stay (Dkt. 41). For the reasons stated below, the Court denies the Motion to Compel and grants the Motion to Stay.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 2022, pro se Plaintiff Danny Huff ("Plaintiff" or "Huff") initiated this case against Defendant Canterbury Park Holding Corporation ("Canterbury"). (Dkt. 1.) Huff filed an Amended Complaint on August 15, 2022, which is the operative Complaint, asserting claims for unpaid wages and retaliation under the Fair Labor Standards Act ("FLSA") and Minnesota state law against Canterbury. (Dkt. 7.) On September 9, 2022, Huff filed "Plaintiff's Motion for Leave to File Second Amended Complaint, United States Marshals Service of Process" ("Motion to Amend"), along with

a copy of the proposed second amended complaint and a redlined version of that complaint, seeking to assert additional claims under the FLSA and state law against Canterbury and several additional defendants.  (Dkt. 11.)  Canterbury filed an opposition to the Motion to Amend on October 7, 2022.  (Dkt. 20.)  On October 17, 2022, Canterbury filed a Motion to Dismiss Pursuant to Rule 12 ("Motion to Dismiss"), seeking to dismiss the operative Complaint in its entirety.  (Dkt. 22.)  Huff opposes the Motion to Dismiss.  (Dkt. 32.)  On November 17, 2022, United States District Judge Wilhelmina M. Wright issued an order stating that the Motion to Amend would be addressed in conjunction with the Motion to Dismiss, and took both motions under advisement to be decided on the papers.  (Dkt. 31, 34.)

On August 4, 2023, Huff filed the current Motion to Compel, asking that the Court "issue an order to compel Defendant to hold a conference pursuant to Federal Rule of Civil Procedure . . . 26(f) and to comply promptly with all aspects of Rule 26 including, but not limited to, scheduling and participating in the discovery conference as required by the Rules."  (Dkt. 36 at 1.)  Huff states that he had requested a Rule 26(f) conference with Defendant which Defendant "refused to participate" in "against Defendants [sic] obligations under Rule 26," which in effect stays discovery without any stay request or showing made by Defendant.  (*Id.*)  Huff argues that "Rule 26 and its Advisory Committee Notes makes clear that the Rule 26 conferences should happen sooner rather than later, regardless of the preliminary nature of the proceedings" and that Defendant's refusal to participate in the conference impedes his ability to conduct discovery.  (*Id.* at 2-3.)

In response, Canterbury argues that the Motion to Compel should be denied as it is premature to proceed with a Rule 26(f) conference while the Motion to Dismiss and Motion to Amend are pending.  (Dkt. 47 at 1, 6-9.)  Canterbury argues that efficiency and judicial economy supports staying all discovery and related deadlines until the decisions on the pending Motion to Dismiss and Motion to Amend are issued, "which may inevitably absolve the need for future litigation or otherwise clarify the claims at issue and narrow the scope of discovery."  (*Id.* at 6-8.)  On August 11, 2023, Canterbury filed the Motion to Stay and makes similar arguments in its supporting memorandum.  (Dkts. 41, 43 at 6-11.)  Canterbury argues that it is likely to succeed on its Motion to Dismiss, as Huff's claims in the operative Complaint are barred due to settlement and release agreements previously entered into by the parties.  (*Id.* at 4, 8.)  Canterbury contends that the consequences of denying the Motion to Compel and staying this case are minimal and that the burden and prejudice on both parties "heavily outweighs any brief delay that Plaintiff potentially faces" if the case is stayed until the Motion to Amend and Motion to Dismiss are resolved.  (*Id.* at 8-9; Dkt. 47 at 8-9.)  According to Canterbury, no facts exist to indicate that Huff will be unduly prejudiced or face a clear disadvantage at this stage of the proceeding should a stay be granted, there is good cause to stay this case until the pending motions are resolved, and Plaintiff failed to take any steps during the nearly seven months pendency of the Motion to Dismiss to indicate an urgency in resolving the matter or expeditiously pursuing discovery.  (Dkt. 43 at 9-11; Dkt. 47 at 7-9.)

In his opposition to the Motion to Stay, Huff argues that it is unlikely that the operative Complaint would be dismissed given that "FLSA rights are statutory and

generally cannot be waived" and neither of the "ways in which a company can settle FLSA claims" apply here.  (Dkt. 48 at 1-2.)  Huff also argues that he would be prejudiced if a stay is granted and that without a Rule 26(f) conference, "Defendant can only guess as to what material will be requested by Plaintiff during discovery and has no way to properly ensure that such information is maintained."  (*Id.* at 2.)  According to Huff, given the passage of time, there is no "guarantee that the memories of numerous potential witnesses will not erode even further, harming Plaintiff."  (*Id.*)

## II.   ANALYSIS

Pursuant to Rule 26(f), "[e]xcept . . . when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."  Fed. R. Civ. P. 26(f)(1).  "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan."  Fed. R. Civ. P. 26(f)(2).

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Armstrong v. Mille Lacs Cty. Sheriff's Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000) ("As a Federal District Court, we have the inherent power to stay the proceedings of an action, so as to control our docket, to conserve judicial resources, and to provide for the

just determination of the cases which pend before us.") (citations omitted); Fed. R. Civ. P. 26(c). "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citation omitted). A proponent of a stay has a heavy burden to establish the need of the stay. *See S. Glazer's Wine & Spirits, LLC v. Harrington*, No. 21-cv-1254 (JRT/JFD), 2021 WL 7286938, at *3 (D. Minn. Sept. 29, 2021) (citing *Edens v. Volkswagen Grp. of Am., Inc.*, No. 16-CV-0750 (WMW/LIB), 2016 WL 3004629, at *1 (D. Minn. May 24, 2016), citing *Jones v. Clinton*, 72 F.3d 1354, 1365 (8th Cir. 1996)).

In evaluating a potential stay, a district court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255 (citation omitted). The filing of a dispositive motion does not in and of itself warrant the issuance of a stay of discovery. *See Villalobos v. United States*, No. 21-CV-2233 (NEB/JFD), 2022 WL 2452278, at *2 (D. Minn. July 6, 2022); *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steels Minnesota, LLC*, No. CV 09-3037 (SRN/LIB), 2012 WL 12895231, at *3 (D. Minn. July 5, 2012) (citations omitted) (finding that the filing of a motion for summary judgment did not warrant a stay of discovery). However, "[w]hen a pending motion to dismiss would dispose of all or substantially all of the case, it 'appears to have substantial grounds,' and is 'not unfounded in the law,' courts have sometimes stayed discovery during the pendency of the motion." *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-2795 (MJD/KMM), 2018 WL 2122869, at *1 (D. Minn. May 8, 2018) (quoting *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94CIV.2120 (LMM)(AJP), 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996)). A court should balance the harm produced by a delay in

discovery against the possibility that the motion will be granted and eliminate the need for such discovery. *See Great Lakes Gas Transmission*, 2012 WL 12895231, at *3 (citation omitted). In this regard, "courts typically consider a variety of practical factors when determining whether a stay is appropriate, including: (1) whether the movant has shown it is reasonably likely to succeed on the merits of its dispositive motion; (2) whether the movant has demonstrated it will suffer hardship or inequity if the matter is not stayed; (3) whether there will be prejudice to the non-moving party if the matter is stayed; and (4) what outcome is best for the conservation of judicial resources." *Villalobos v. United States*, No. 21-CV-2233 (NEB/JFD), 2022 WL 2452278, at *2 (D. Minn. July 6, 2022) (citing *Danger v. Nextep Funding, LLC*, No. 18-CV-567 (SRN/LIB), 2019 WL 4917181, at *2 (D. Minn. Jan. 22, 2019)).

In applying these factors and considering the record at large, the Court finds that a stay of discovery and related deadlines is warranted in this case. The Court discusses each factor below.

## A.    Hardship or Inequity to Canterbury

The Court begins with the factor of hardship or inequity to Canterbury. Canterbury argues that if a stay is not granted, it will be prejudiced as it will face an enormous burden if forced to proceed with discovery, including gathering documents and preparing witnesses including for the proposed additional defendants Plaintiff seeks to add. (Dkt. 43 at 8-9.) Canterbury asserts that it has "already incurred substantial expense and time reaching the" settlement agreements between the parties and that engaging in

6

discovery "that may be rendered entirely moot is an inefficient use of the parties' and the Court's time and resources." (*Id.* at 9.)

In general, "courts, including the present court, disfavor the proliferation of litigation costs associated with potentially unnecessary litigations." *Danger*, 2019 WL 4917181, at *4. Given the stage of this case, including the pendency of the Motion to Amend which seeks to make a 77-page amended complaint operative and add several claims and defendants to this case, the Court finds that this factor weighs in favor of staying discovery until resolution of the pending Motion to Amend and Motion to Dismiss.

## B.    Prejudice to Plaintiff

The Court turns to the factor of prejudice to Plaintiff. According to Canterbury, no facts exist to indicate that Plaintiff will be unduly prejudiced or face a clear disadvantage at this stage if a stay is granted. (Dkt. 43 at 9.) Canterbury argues that Plaintiff failed to take any steps to indicate an urgency or expeditious pursue of discovery during the nearly 7-month pendency of the Motion to Dismiss and asserts that "[n]othing will change with respect to the discovery in this case while awaiting a decision on the Motion to Dismiss." (*Id.* at 9.) Huff responds that he would be prejudiced if a stay is granted and contends that Defendant "attempts to place blame for lack of discovery on Plaintiff for not acting with 'urgency' in the 7 months prior" while knowing that "Plaintiff is not a lawyer and has no former experience with lawsuits." (Dkt. 48 at 2.) Huff argues that given the passage of time, there is no guarantee that "the memories of numerous potential witnesses will not erode even further, harming Plaintiff." (*Id.*)

7

The Court is not unsympathetic to Huff's assertions, but notes that "[a] liberal reading of a plaintiff's pleading is the only special treatment afforded *pro se* plaintiffs by the courts." *Berry v. LoanCity*, 489 F.Supp.3d 441, 447 (M.D. La. Sept. 25, 2020) (quoting *Kiper v. Ascension Parish Sch. Bd.*, No. 14-413, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015)). The Court has also considered Huff's concerns that "without a Rule 26(f) conference," Defendant is unaware of the "material [that] will be requested by Plaintiff during discovery." (Dkt. 48 at 2.) However, given the procedural stage of this case, the Court finds that any potential prejudice to Plaintiff would be minimal. The Court expects Canterbury to comply with its preservation obligations. Additionally, Canterbury represents that there "is no indication that witnesses or documents will become unavailable should discovery be delayed." (Dkt. 43 at 9.) Huff's speculation regarding the possible erosion of the memories of unnamed witnesses is insufficient to warrant a stay. Accordingly, the Court finds that this factor does not weigh against granting a stay of discovery and related deadlines.

## C.   Judicial Resources

Next, the Court determines the best outcome for the conservation of judicial resources. Canterbury contends that Plaintiff's proposed amended complaint further complicates discovery as it seeks to broaden the claims against it and add other defendants. (Dkt. 43 at 10.) Canterbury argues that even if its Motion to Dismiss is ultimately denied, "it is nearly certain that the Court's ruling will clarify the scope of Plaintiff's claims and therefore the proper scope of discovery," thereby promoting judicial efficiency. (*Id.* at 10-11.)

"In determining whether a stay of discovery until the resolution of a pending dispositive motion would conserve judicial resources, a court examines the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation." *Danger*, 2019 WL 4917181 at *4. Here, the parties have yet to engage in a Rule 26(f) conference and no discovery is pending. In the event that Canterbury's Motion to Dismiss is granted and Huff's Motion to Amend is denied, the entirety of Huff's claims in this case would be disposed of, and there would be no issues left requiring discovery. Additionally, judicial efficiency supports staying discovery as the Motion to Amend has the possibility of expanding or limiting discovery. As such, the Court finds that this factor weighs in favor of staying discovery and all related deadlines in this case until the Motion to Amend and Motion to Dismiss are resolved. *See Hari v. Smith*, Case No. 20-cv-1455 (ECT/TNL), 2022 WL 336831, at *4 (D. Minn. Feb. 4, 2022) ("The burden and expense of engaging in wide-ranging fact discovery prior to the disposition of these motions, coupled with judicial economy and the Court's view of the merits of these Defendants' motions to dismiss, outweigh any theoretical harm to Hari in delaying this discovery.").

**D.    Likelihood of Success on the Merits**

Finally, the Court considers the likelihood of success on the merits. Huff attached to the operative Complaint two settlement agreements that were signed by him and a representative of Canterbury. (*See* Dkts. 7-2, 7-3.) Canterbury argues in its supporting memorandum to its Motion to Dismiss that based on the settlement agreements entered into by the parties for Huff's "alleged unpaid wages and other claims arising from his

9

employment with Canterbury and his termination[,]" Canterbury paid Huff a total of $33,000 "in exchange for his general release of all claims" and that the settlement agreement was "the result of arm's length negotiations that took place over several weeks and in which Huff was directly and intimately involved." (Dkt. 24 at 1); *see also Danger*, 2019 WL 4917181 at *3 ("In determining whether a movant seeking a stay has shown a likelihood of success on the merits, a court must take a 'peek' into the merits of the pending dispositive motion."). According to Canterbury, Huff "now, without a good faith legal basis, seeks to void those agreements, retain the settlement payments, and pursue the very same claims he released." (Dkt. 24 at 1.)

Based on the release clauses, and without expressing any opinion on the merits of the Motion to Dismiss, the Court finds that Canterbury has shown it is sufficiently likely to succeed on the merits of its Motion to Dismiss to justify staying discovery. *See Danger*, 2019 WL 4917181 at *3 ("A party who must demonstrate a likelihood of success on the merits in support of requested stay is not required to demonstrate a greater than fifty percent probability that the motion for which it is seeking the stay will result in a determination in its favor. However, the applicant for a stay must show more than a mere possibility that the motion will result in a decision in its favor.") (citations omitted). As such, the Court finds that this factor weighs in favor of granting a stay. *See id.* at *4 (finding that this factor weighed in favor of granting defendants' request for a stay of all discovery until such time as their motion to dismiss was ruled on, noting that the underlying claims in the defendants' motion to dismiss was not before the court, and stating "[a]t the present time, it is sufficient for the purposes of the present motion that

the undersigned's 'peek' at the merits of the Defendants' Motions to Dismiss indicates that Defendants have shown some likelihood of success on the merits.").

### III.      ORDER

Accordingly, and based on all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.      Plaintiff Danny Huff's Motion and Memorandum to Compel Federal Rules of Civil Procedure 26(f) Conference (Dkt. 36) is **DENIED**.

2.      Defendant Canterbury Park Holding Corporation's Motion to Stay (Dkt. 41) is **GRANTED**.

3.      All discovery and related deadlines in this case are stayed pending rulings on the Motion to Amend and Motion to Dismiss.


Dated: August 22, 2023                    *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge